THE STATE v. SACRE, *Appellant.*

Division Two, July 17, 1897.

1. **Criminal Law**: INSTRUCTIONS: REASONABLE DOUBT. The trial court instructed the jury that if they entertained a reasonable doubt as to the guilt or innocence of defendant, they should acquit, but a doubt to authorize an acquittal must be a substantial doubt, arising out of a due consideration of all the testimony, and not a mere possibility of the defendant's innocence. *Held*, that the jury were not misled when the court further instructed that "the indictment is a mere accusation or charge against the defendant, and not of itself any evidence of defendant's guilt," and "no juror should permit himself to be in any way influenced against the defendant because or on account of the indictment in the case, and that the defendant was not required to prove his innocence, but the prosecution to prove him guilty in manner and form as charged in the indictment beyond a reasonable doubt; and unless the State had done this you will acquit."

2. **Reasonable Doubt**: CORRECT INSTRUCTION. The proper form of an instruction on reasonable doubt and one which has often met with the approval of this court and never been overruled or criticised is that given in *State v. Nueslein*, 25 Mo. 111, which is as follows: "If you have a reasonable doubt of defendant's guilt, you should acquit; but a doubt to authorize an acquittal on that ground ought to be a substantial doubt touching defendant's guilt, and not a mere possibility of his innocence."

3. **Failure to Instruct on Questions of Law.** Where the trial court fails to instruct in a criminal case on all questions of law, exceptions must be saved at the time and the point can not be raised for the first time in a motion for a new trial.

*Appeal from Callaway Circuit Court.*—Hon. John A. Hockaday, Judge.

AFFIRMED.

*I. W. Boulware* and *N. D. Thurmond* for appellant.

(1) The instruction given by the court on motion of the State defining a "reasonable doubt" is erroneous and illegal. This instruction is misleading. The same implies that the doubt must be such a one as is alone created and produced by the evidence. It includes all reasonable doubt that may arise from a lack or want of evidence. By this instruction the burden was cast upon defendant, while it devolved upon the State to show his guilt beyond a reasonable doubt. The giving of said instruction is clearly reversible error. *State v. Blue*, 136 Mo. 41; *State v. Bobbst*, 131 Mo. 328; *State v. Nueslein*, 25 Mo. 111; *State v. Wells*, 111 Mo. ·533. (2) "The court must instruct the jury in writing upon all questions of law arising in the case which are necessary for their information in giving their verdict, which instructions shall include, whenever necessary, the subjects of good character and reasonable doubt; and a failure to so instruct in cases of felony shall be good cause, when the defendant is found guilty, for setting aside the verdict of the jury and granting a new trial." Laws of Missouri 1895, p. 161. (3) The motion for a new trial should have been sustained on the ground of newly discovered evidence. The affidavits accompanying the motion showed that the prosecutor, Muir, had hired or bribed witnesses whose evidence was material and most damaging to the defendant. Affidavits further showed that other witnesses who knew material facts were not sworn as witnesses.

That defendant did not know what these witnesses knew or would testify until after the trial. That defendant was guilty of no laches or want of diligence. *State v. Murray*, 91 Mo. 95; *State v. Alexander,* 66 Mo. 148; *State v. Lee*, 66 Mo. 165; *Campbell v. People*, 16 Ill. 17; *State v. Sloan*, 47 Mo. 604; *Stokes v. People*, 53 N. Y. 164. (4) The verdict is against the evidence and weight of evidence—so clearly so that the court should not let it stand.

*Edward C. Crow*, Attorney-General, and *Sam B. Jeffries*, Assistant Attorney-General, for the State.

(1) The instruction on the question of reasonable doubt has met universal sanction by the courts of this State. Ten instructions were given at the instance of defendant which were exceedingly liberal to him and presented the whole case to the jury, leaving no ground for complaint. (2) The evidence in this case was ample and sufficient to warrant and support the verdict found by the jury. Such being the case, this court will not undertake to invade the province of the jury and weigh the testimony or determine the questions of fact suggested in evidence. *State v. Banks*, 118 Mo. 117; *State v. Green*, 117 Mo. 298; *State v. Pettit*, 119 Mo. 440. (3) Defendant was not entitled to a new trial on the grounds of newly discovered evidence. The evidence would only effect the credibility of the witnesses. *State v. Welsor*, 117 Mo. 582; *State v. Rockett*, 87 Mo. 666; *State v. Butler,* 67 Mo. 63. (4) The indictment is sufficient. *State v. Keele*, 105 Mo. 40; *State v. Johnson*, 129 Mo. 29.

SHERWOOD, J.—For felonious assault on his brother-in-law, Wm. E. Muir, by shooting him with a pistol, defendant was convicted, his punishment

assessed at two years in the penitentiary, and hence his appeal to this court.

1.  The court gave a *"power"* of instructions, eighteen in all, eight for the State and ten for defendant, and refused to give the latter three instructions.

Among those given on behalf of the State occurs this one:

"6.  The court instructs the jury that if they entertain a reasonable doubt as to the guilt or innocence of defendant, they should acquit, but a doubt to authorize an acquittal must be a substantial doubt arising out of a due consideration of all the testimony, and not a mere possibility of the defendant's innocence."

In *State v. Blunt*, 91 Mo. 503, a case of conviction of murder in the first degree, an instruction in these words was not disapproved: "To authorize an acquittal on the ground of reasonable doubt alone, such doubt should be a real, substantial, well-founded doubt arising out of the evidence in the cause, and not a mere possibility that the defendant is innocent."

The instruction in the case before us is better worded than the one just mentioned.  The instruction commented on in *State v. Blue*, 136 Mo. 41, differs widely from the one in the case at bar, as will readily be seen on comparison.

The proper form of instruction to be given on the point under review is this: "If you have a reasonable doubt of defendant's guilt, you should acquit; but a doubt, to authorize an acquittal on that ground, ought to be a substantial doubt touching defendant's guilt, and not a mere possibility of his innocence."  *State v. Nueslein*, 25 Mo. 111.  This instruction has never met with disapproval since that time.  Instead of that it has met and sustained every test to which it has been

put.  Since then, however, the prosecuting attorneys of this State, not content to tread in the ancient ways of the law, have frequently been making experiments on this subject, and have *"sought out many inventions,"* and their seeking in this regard has often resulted in a reversal of judgments obtained by the State.

In the quite recent case of *State v. Bobbst*, 131 Mo. *loc. cit.* 339, the instruction on reasonable doubt as formulated in *Nueslein's* case, was commended.  So, also, in *State v. Robinson*, 117 Mo. *loc. cit.* 661, like approval was given to that instruction.  That instruction, as remarked by Philips, C., has been *"canonized."*

Among other instructions given at the instance of defendant was this one:

"10.  The court instructs the jury that the indictment in this case is of itself a mere accusation or charge against the defendant, and is not of itself any evidence of the defendant's guilt, and no juror should permit himself to be in any way influenced against the defendant because or on account of the indictment in this case; and you are further instructed that in this case the law does not require the defendant to prove his innocence, but the law requires the prosecution to prove that the defendant is guilty in manner and form as charged in the indictment beyond a reasonable doubt, and unless the State has done this, the law makes it your duty to find the defendant not guilty." So that the jury could not have been misled on the subject of reasonable doubt.

The other instructions given on behalf of defendant were extremely favorable to defendant, and left nothing to be desired, and there was ample evidence to support the verdict.

2.  We discover no merit in the point of newly discovered evidence.

3.  It has been urged that the court failed to instruct the jury on all questions of law, etc.  If such failure occurred, advantage of it was not taken at. the time by excepting to such failure.  Failing in this regard, it did no good to save the point in the motion for a new trial.  *State v. Cantlin*, 118 **Mo.** 100, and other cases.

Judgment affirmed.  All concur.