# THE STATE v. ADAIR, Appellant.

### Division Two, February 26, 1901.

1. **Robbery:** FIRST DEGREE: WHAT NECESSARY.  An unlawful and felonious assault with intent to deprive the person assaulted of his property, made without any honest claim to the property, and the unlawful taking of property from him by force and violence and against his will, constitutes the crime of robbery in the first degree.

2. ———: DEFENDANT AS WITNESS.  It is not error to instruct, in a prosecution for robbery, that the defendant is a competent witness in his own behalf, but that his interest in the result of the case may be considered in determining his credibility.

3. ———: REASONABLE DOUBT: MEANING.  It is not error to instruct, in a prosecution for robbery, that a reasonable doubt sufficient to warrant an acquittal must be a substantial doubt of defendant's guilt, with a view to all the evidence, and not a mere possibility of the defendant's innocence.

4. ———: ———: ALIBI.  It is not error to instruct, in a prosecution for robbery, that, if there is any evidence which raises a reasonable doubt as to the presence of the defendant at the time and place where the crime is charged to have been committed, he must be acquitted.

5. **Credibility of Witness.**  It is not error to instruct, in a prosecution for robbery that the jury are the sole judges of the credibility of the witnesses and the value of their testimony, but that in determining the credit to be given a witness his conduct on the stand, interest in the result of the trial, feeling towards the accused, or the injured person, the improbability of his statements, his opportunity for observation and knowledge, and his inclination to speak truthfully, should be considered in connection with all the other facts given in evidence.

6. **Witness:** FALSITY TO MATERIAL FACT.  It is not error to instruct, in a criminal case, that, if the jury concludes that a witness has testified falsely to a material fact, his entire testimony may be disregarded.

7. ·Evidence: CREDIBILITY: MATTER FOR JURY. Where there is sufficient evidence to convict the defendant in a prosecution for robbery, the question of the credibility of the evidence affirming or denying his presence when the crime occurred is for the jury.

Appeal from Jackson County Criminal Court.—*Hon. John W. Wofford*, Judge.

AFFIRMED.

*James M. Chaney, Jr.* for appellant.

(1) The verdict of the jury is against the evidence. (2) The verdict is against the law, as declared in the instructions given by the court. (3) (a) The court erred in refusing to give instruction 1 asked by defendant. People v. Fong Ah Sing, 64 Cal. 253; State v. Howell, 100 Mo. 664; State v. Taylor, 134 Mo. 152. (b) The court should have given instruction 2 asked by defendant, in the nature of a demurrer to the evidence. (c) The court should have given instruction 3 asked by defendant. State v. Lewis, 69· Mo. 92; State v. Edwards, 109 Mo. 322. (4) The court erred in giving instructions 1, 2, 3, 4 and 5. (a) Instruction 1 is so worded as to fall within the doctrine laid down in· State v. Woodward, 131 Mo. 372. (b) Instruction 3 is clearly erroneous. State v. Blue, 136 Mo. 44. (c) Number 4 is misleading, and does not state the law on alibi. State v. Howell, 100 Mo. 628; State v. Tatlow, 136 Mo. 678; Walker v. State, 42 Texas, 360. (d) Number 5 is erroneous. Bank v. Murdock, 62 Mo. 74; Batterson v. Vogel, 10 Mo. App. 239; White v. Maxcy, 64 Mo. 559. (5) The court erred in admitting illegal and irrelevant testimony. (6) The court erred in excluding from the jury proper, competent and relevant testimony offered by the defendant.

State v. Adair.

*Edward C. Crow,* Attorney-General, and *Sam B. Jeffries* Assistant Attorney-General, for the State.

(1) This court has frequently held that where there is evidence showing guilt it would not invade the province of the jury and overthrow the verdict for want of evidence. (2) Defendant complains because the court refused to give his instruction number one. In this no error was indulged because the court had fully instructed on the question there involved. Instruction number four given by the court fully covered the question as to defendant's presence at the place of the robbery at the time of the commission of the crime. That was sufficient and it was not essential to give the instruction asked. State v. Jones, 78 Mo. 278; State v. Parker, 106 Mo. 217; State v. Elliott, 90 Mo. 150; State v. Jump, 90 Mo. 171; State v. Luke, 104 Mo. 563; State v. Sansone, 116 Mo. 1; State v. Gamble, 119 Mo. 427; State v. Jennings, 81 Mo. 185; State v. Johnson, 91 Mo. 439; State v. Sanders, 106 Mo. 188; State v. Rockett, 87 Mo. 666; State v. Shroyer, 104 Mo. 441. (3) It is urged that error was committed in the instruction on the question of reasonable doubt. The case of State v. Blue, 136 Mo. 42, is cited as authority for such objection. The objection can not be sustained. The instruction requires the reasonable doubt to exist, with a view to all the evidence in the case. It is not subject to the same error as contained in the Blue case, but on the other hand strictly conforms to the criticisms there made. State v. Sacre, 141 Mo. 64; State v. Knock, 142 Mo. 515.

SHERWOOD, P. J.—The verdict of the jury found defendant guilty of robbery in the first degree, and assessed his punishment at five years in the penitentiary.

The instructions given by the court were as follows:

"1. The court instructs the jury that if they find and believe from the evidence that the defendant James Adair, at the county of Jackson and State of Missouri, at any time within three years next before the seventeenth day of April, 1900, did unlawfully and feloniously make an assault upon the witness, Bessie Proctor, and did by force and violence to her person in her presence and against her will and without any honest claim to the same with the felonious intent to deprive the owner of her property therein and convert the same to his own use, unlawfully and feloniously take from the witness, Bessie Proctor, any of the property mentioned in the indictment, of any value whatever, the property of the witness, Bessie Proctor, you will find the defendant guilty of robbery in the first degree and assess his punishment at imprisonment in the State penitentiary for any time not less than five years.

" 'Feloniously,' as used in these instructions, means wickedly and against the admonition of the law; unlawfully.

"2. The court instructs the jury, that the defendant is a competent witness in this case, and you must consider his testimony in arriving at your verdict, but in determining what weight and credibility you will give to his testimony in making up your verdict, you may take into consideration, as affecting his credibility, his interest in the result of the case, and that he is the accused party on trial testifying in his own behalf.

"3. The court instructs the jury that before they can convict the defendant, they must be satisfied of his guilt beyond a reasonable doubt; such doubt to authorize an acquittal upon reasonable doubt must be a substantial doubt of the defendant's guilt, with a view to all the evidence in the case, and not a mere possibility of the defendant's innocence.

"4. The court instructs the jury that if there is any evi-

dence before you that raises in your minds a reasonable doubt as to the presence of the defendant at the time and place where the crime is charged to have been committed, you will acquit the defendant.

"5.  The jury are the sole judges of the credibility of the witnesses and of the weight and value to be given to their testimony.

"In determining as to the credit you will give to a wit-ness, and the weight and value you will attach to a witness's testimony, you should take into consideration, the conduct and appearance of the witness upon the stand, the interest of the witness, if any, in the result of the trial, the motives actu-ating the witness in testifying, the witness's relation to, or feeling for or against the defendant, or the alleged injured party, the probability or improbability of the witness's state-ments, the opportunity the witness had to observe and to be informed as to matters respecting which such witness gives testimony, and the inclination of the witness to speak truth-fully or otherwise as to matters within the knowlege of such witness.  All these matters being taken into account with all the other facts and circumstances given in evidence, it is your province to give to each witness such credit and the testimony of each witness such value and weight as you deem proper.

"If, upon a consideration of all the evidence, you con-clude that any witness has sworn willfully falsely as to any material matter involved in the trial, you may reject or treat as untrue the whole or any part of such witness's testimony."

There was sufficient evidence in the case to convict de-fendant, and it belonged exclusively to the jury to say whether they would believe the evidence given on behalf of the State, which went to show defendant present where the crime oc-curred, or that on the part of defendant which went to show him absent from the scene of the robbery at the time of its perpetration.

The third instruction has frequently been given in form and substance in prior cases in this court, and we re-affirm its correctness. [State.v. Neuslein, 25 Mo. 111; State v. Blunt, 91 Mo. 503; State v. Bobbst, 131 Mo. loc. cit. 339; State v. Robinson, 117 Mo. loc. cit. 661; State v. Sacre, 141 Mo. 64; State v. Knock, 142 Mo. loc. cit. 524; State v. Holloway, 156 Mo. loc. cit. 227, 228.]

And the same may be said of instruction numbered 4 which the court gave touching the presence of the defendant at the scene and time the crime took place. This being all that was necessary to cover the case, rendered unnecessary the giving of defendant's first instruction, on the correctness of which it is therefore wholly useless to pass.

The other instructions are formulated after the fashion of others that have often received our indorsement.

Finding no reversible error in the record, judgment affirmed. All concur.