# THE STATE v. DAVIS, Appellant.

### Division Two, February 21, 1905.

1. **BILL OF EXCEPTIONS: Interlineation.** Where all the interlineations but one, in the original bill of exceptions, are written in ink, and that one is written with a pencil above a word enclosed in brackets, which word is in type as prepared by the official reporter and is not erased, it is safer to disregard the word written with the pencil, and assume that the word in brackets is the correct one.

2. **WITNESS: Oath: Religion.** The proper time to ask a witness whether the form of administering the oath is such as will be binding upon his conscience is previous to the administration of the oath. No error is committed in overruling such a question when it is not asked until after the witness has been sworn.

3. **INSTRUCTION: Clerical Omission: Robbery.** Where, in a prosecution for robbery, all the evidence shows that the crime was committed "by force and violence," the clerical omission of the disjunctive "or," between the words "by force and violence" and the words "by putting in fear," etc., could not have been prejudicial to defendant.

4. **———: Alibi.** The following instruction on alibi held not improper: "The court instructs the jury that if there is any evidence before you that raises in your minds a reasonable doubt as to the presence of the defendant at the time and place where the crime is charged to have been committed (if you find a crime was committed), you will acquit the defendant."

5. **ROBBERY: Sufficient Evidence.** The evidence in this case, which is a prosecution for robbery, is held sufficient to support a conviction.

Appeal from Jackson Criminal Court.—*Hon. Jno. W. Wofford,* Judge.

AFFIRMED.

*L. A. Laughlin* for appellant.

(1)   The court erred in refusing to allow defendant to interrogate witness Kee as to the peculiar ceremonies of his religion in administering oaths.   State v. Chyo Chiagk, 92 Mo. 395; 1 Phillips on Ev. (4 Ed.), 20.   (2)   The court erred in giving instruction 1.   Sec. 1893, R. S. 1899.   This instruction omits the disjunctive ''or'' entirely, and in effect tells the jury that putting in fear is the equivalent of force and violence, and that evidence of putting in fear will sustain a charge of force and violence.   This is contrary to the rule laid down in State v. Crowell, 149 Mo. 391, and the instruction is erroneous.   (3)   The court erred in giving instruction 6, in regard to the defense of alibi. State v. McGinnis, 158 Mo. 123.

*Edward C. Crow,* Attorney-General, and *Sam B. Jeffries,* Assistant Attorney-General, for the State.

The verdict is not against the weight of the evidence.   There is ample evidence to authorize the verdict rendered, if believed by the jury, and it was for the jury to determine, under the instructions given it by the court, whether the defendant was innocent or guilty.

GANTT, J.—The prosecuting attorney of Jackson county, on the seventh of September, 1903, in term time, upon the affidavit of Gaw Lung Toy, filed his information in the criminal court of Jackson county, charging that the defendant, Calvin I. Davis, and Harry Lutes on April 6, 1903, at the county of Jackson, in the State of Missouri, in and upon one Gaw Lung Toy unlawfully and feloniously did make an assault and one hundred forty dollars, lawful money of the United States, of the value of one hundred and forty dollars, the money and property of the said Gaw Lung Toy, then and there, by force and violence to the person of said Gaw Lung Toy, and by putting the said

Gaw Lung Toy in fear of immediate injury to his person, feloniously did rob, steal, take and carry away, against the peace and dignity of the State.

The affidavit filed with the information, and upon which it is based, was full and positive, clearly stating the offense charged in the information.

The defendants were arrested and duly arraigned January 12, 1904, and the cause set down for March 14, 1904, on which last-named day the defendant Calvin L. Davis was put upon his trial. The evidence fully established that on the night of April 6, 1903, Gaw Lung Toy, an aged Chinaman, was the proprietor of a store in the basement of No. 115 West Sixth street in Kansas City, Missouri; that Charley Kee, another Chinaman, was the clerk of old man Toy in said store; that about eleven o'clock that night two men, one a tall man and the other not so tall, but chunky, came into the store and that Toy and Kee were at the time engaged in unboxing some goods.

Soon after entering the store, the two men assaulted Charley Kee, knocking him down and severely wounding him and then turning their attention to old man Toy, who was endeavoring to escape, they assaulted him, cut his throat in several places, inflicted several wounds on his scalp, rendering him unconscious, and robbed him of $140 which he had in a small bag or pouch tied to a string around his body. Both Kee and Toy positively identified defendant and his associate Lutes as the men who assaulted and robbed the old man. On two occasions they had visited Toy's store and made a minute examination of his premises on the pretense that they were detectives, and they were not masked, so that the Chinamen had ample opportunity to see and recognize them.

Soon after the robbery and while Toy was still bleeding profusely and unconscious and Kee not able to give the alarm, a negro happened in and discovering the crime had been committed, at once gave the

alarm and summoned a physician who testified to the stabs and bruises on old man Toy and Kee.

A description was furnished the police officers and a week or so later Kee recognized defendant as the tall man of the two robbers and saw him going into an opium joint on Sixth street and at once notified the officers.    The officer recognized defendant at once from the description furnished him and arrested him in the opium joint with a pipe in his hand.

Asked by the officer who his companion was when he went to Toy's store on the night of the robbery, he said it was "Lefty," and it was in this way that Lutes was identified as one of the robbers or the chunky man.

Defendant admitted he was in Toy's store that night, but denied the robbery.    His defense was an alibi; that on the night of April 6th he was mustered into the Third Regiment of National Guards and drew his uniform that night.    His evidence was corroborated by two of the officers of the regiment who saw him until about midnight at the armory.    He had worked at the stock yards and offered the evidence of one witness to his good character.    He had been a soldier in the service of the United States in the Philippine Islands, and began the opium habit during his service.    The defendant was convicted and appeals.

The assignments of error will be considered in the order of defendant's brief.

I.    It is first urged that the criminal court erred in refusing to allow the defendant's counsel to interrogate Kee as to his belief in any other than the Christian religion and the peculiar ceremonies of his religion in administering oaths.    A question arose on the argument as to the correctness of the transcript filed in this court.    It was insisted by defendant's counsel that the transcript varied from the original bill of exceptions, in this, that in the original Charlie Kee was asked, on his cross-examination by counsel

for defendant, "What religion are you a professor of?" and the witness answered, "Chinese religion," whereas, in the transcript certified to this court, his answer is "Christian religion."

An order was made under the statute requiring the clerk of the criminal court to send up the original bill of exceptions. In the original we find the word (Chinese) in brackets and above it is written in pencil marks "Christian." Whether this interlineation was made before the judge approved the bill of exceptions, and with his approval, we have no means of knowing, but as the word "Chinese" is in type as prepared by the official reporter and is not erased, and all other interlineations in the bill are in ink, we have reached the conclusion that it is safer to regard the answer to be that witness was a professor of the "Chinese religion."

Proceeding on this assumption, there is no merit in the point assigned as error.

When the witness Kee was sworn and prior thereto no objection was made to his taking the ordinary oath. After he was sworn, and on his cross-examination, the only question propounded him by defendant was the one already noted and it was answered, without objection. It is not true then that counsel or defendant was denied the right to interrogate the witness. Counsel did ask the right to interrogate the witness as to the kind of oath that was most binding on his conscience after he had been sworn, but the court denied this request because the witness had then been sworn, as the judge certifies, in the presence of counsel for defendant and the State. The court held that the time to ask a witness whether the form of administering the oath is such as will be binding upon his conscience is previous to the administration of the oath. We think the criminal court was right. The objection, if any, was a preliminary matter, and when counsel was afterwards permitted without objection to inquire into the

religion of the witness and made no effort whatever to ascertain whether the witness regarded the oath he had taken as binding on his conscience and neglected to do so before the witness was sworn, we can not convict the trial court of error. In State v. Chyo Chiagk, 92 Mo. 395, the objection was properly taken before the interpreter and other witnesses were sworn.

The witness Kee, in this case, had lived in this country for twenty-seven years and spoke the English language and testified without the intervention of an interpreter.

II.   Instruction numbered 1, given by the court, is challenged because by an apparent oversight the disjunctive "or" is omitted.  The instruction is in these words:

"The court instructs the jury that if you find and believe from the evidence that at any time within three years next before the 19th day of December, 1903, Calvin L. Davis, either alone or acting in concert with another or others, took and carried away any money or property described in the information, the property of one Gaw Lung Toy, from his person, or in his presence and against his will, by force and violence to his person, by putting him in fear of an immediate injury to his person, without honest claim to such money or property on the part of the defendant, and with the intent to deprive said Gaw Lung Toy of his ownership therein, and convert the same to his own use, then you will find defendant guilty of robbery in the first degree and assess his punishment at imprisonment in the State penitentiary for any term not less than five years."

The insistence is that as the statute is in the disjunctive, the omission of the word "or" after the phrase "by force and violence to his person" and before the phrase "by putting him in fear of an immediate injury," etc., in effect tells the jury the two phrases are equivalent.  We can not take the view

that this instruction could have misled the jury. All the evidence tended to show robbery "by force and violence" and so much of the instruction as related to putting in fear was unnecessary and useless surplusage. But it is evident the court left to the jury the commission of the offense by actual force and violence in an unobjectionable form and by mere clerical oversight neglected to use the word "or." If that word had been inserted it would have been perfectly correct form, had there been any evidence of robbery by putting in fear, but as there was none and the instruction without the clause as to putting in fear was entirely sufficient, we do not think it could have possibly prejudiced the defendant's rights.

III. The instruction on alibi is also assailed, but we think without just ground. It is as follows:

"The court instructs the jury that if there is any evidence before you that raises in your minds a reasonable doubt as to the presence of the defendant at the time and place where the crime is charged to have been committed (if you find a crime was committed), you will acquit the defendant."

This instruction was approved in State v. Adair, 160 Mo. 391, and while in State v. McGinnis, 158 Mo. 123, a different form was indicated as proper, it was not ruled that the same principle might not be expressed in fewer words or in different form.

IV. The last ground for reversal is that the evidence is insufficient to sustain the verdict.

With this contention we are thoroughly unable to agree. The evidence of the assaulted parties was clear and distinct and was unshaken by contradictions or proof aliunde, save the evidence tending to prove an alibi, which was for the jury to determine. The identification of defendant was established to the satisfaction of the jury and we are not justified in invading their province.

We think there was ample evidence to sustain the verdict.

The judgment is affirmed.

All concur.