[No. 1119, February 25th, 1908.]

## THE TERRITORY OF NEW MEXICO, Appellee, v. ESCOLASTICO TAIS, Appellant.

### SYLLABUS (BY THE COURT).

Evidence introduced to show that the defendant was not present at the time of the commission of the crime with which he is charged, is to be considered in connection with all the other evidence in the case, and, if, upon the whole, there remains a reasonable doubt of his guilt, he should be acquitted.

The essential facts appear in the opinion.

Appeal from the District Court for Socorro County, before FRANK W. PARKER, Associate Justice. Reversed and remanded.

JAMES S. FIELDER and JOHN E. GRIFFITH for Appellant.

When the clear preponderance of evidence is found to be against the verdict of the jury, this court has the power to set it aside. Rafferty v. The People, 72 Ill. 37 (42); Waters v. People, 50 N. E. Rep. 148.

It was error to instruct that the burden of proof is shifted to the defendant by the defense of alibi and that defendant must prove such alibi beyond a reasonable doubt. State v. McClellan et al, 59 Pac. Rep. 924; Trujillo v. Territory, 7 N. M. 44, overruled by Territory v. Lucero et al, 8 N. M. 543; Davis v. U. S., 160 U. S. 469; Peyton et al v. State. 74 N. W. Rep. 597; Waters v. People, 50 N. E. Rep. 148; Wisdom et al, v. People, 17 Pac. Rep. 519; Legere v. State, 77 S. W. Rep. 1059; Henry v. State, 70 N. W. Rep. 924; Adams v. State, 10 So. Rep. 106; Ford v. State. 47 S. W. Rep. 703.

There is manifest error in Judge leaving bench and court room during progress of trial for a considerable time and permitting trial of cause to proceed in his absence and without his supervision and calling an attorney-at-law, not a presiding judge in any of the courts of the Territory, to occupy the bench and to preside over the trial of the cause during the Judge's absence. Organic Act, sec. 10; Davis

et al v. Wilson, 65 Ill. 525; Meredith v. The People, 84 Ill. 479; Slaughter v. U. S., 82 S. W. Rep. 732; Starr v. U. S., 76 S. W. Rep. 105; Graves v. People, 75 Pac. Rep. 412; Evans v. State, 80 S. W. Rep. 1017; Bateson v. State, 80 S. W. Rep. 88; State v. James Smith, 49 Conn. 376.

The accused has the right to be convicted or acquitted upon the allegations in the indictment. State v. Gray, 21 Mo. 492. This right follows him to the Supreme Court.

Injurious remarks of prosecuting attorney. State v. Shipley, 74 S. W. Rep. 612; Ferguson v. State, 49 Indiana 55; State v. Proctor, 86 Iowa 698, 53 N. W. 424; 14 American Digest 2470, Title "Criminal Laws," and cases cited.

It is improper for the presiding judge to call the jury from jury room and inquire how they stood as to numbers. Burton v. U. S., 196 U. S. 283; Newell v. Hutchinson, 54 Ind. 330.

Where evidence is of a very material character, and calculated to influence and affect the jury, the withdrawal of the same from their consideration does not heal the vice of its admission. Barth v. State, 46 S. W. Rep. 228; Roper v. Territory, 33 Pac. Rep. 1014; G. C. & S. F. Railway Co. v. Levy, 46 Am. Rep. 269; State of Mo. v. Daubert, 42 Mo. 242; Erben v. Lorillard, 19 N. Y. Rep. 299; State v. Wolff, 15 Mo. 168; State v. Mix, 15 Mo. 153.

GEORGE W. PRICHARD, Attorney General, for Appellee.

The credibility of an accomplice is a question for the jury, and the accused may be convicted upon the unsupported testimony of a confederate in crime. U. S. v. Fleming, 18 Fed. Rep. 907; Territory v. Kinney, 3 N. M. 145.

The court did not commit error in asking the jury how they stood as to numbers. Newell v. Hutchinson, 54 Ind. 330, distinguished.

### OPINION OF THE COURT.

ABBOTT, J.—The instruction given to the jury at the trial of this cause in relation to the evidence for the defendant that he was not present when the murder with which he was charged was committed, whatever support it may have in the decisions of this or other courts, is con-

sidered by some of the best law writers illogical and unsound, and has been so held in many well considered cases in courts of highest repute in the United States. The latter view seems to us so decidedly the better one that we are unwilling to asssent to the further sanction of the former by this court.

The defendant and David Cuellar, who was a witness for the Territory, were indicted jointly for killing an old woman, Petra Sanches de Torres, with a knife. Cuellar testified that the defendant took the knife from his, Cuellar's pocket, put it in his hand, pointed a revolver at him, and threatened to shoot him unless he killed the woman, who was then present, with the knife, which, under that compulsion, he did. It appeared that the woman was stabbed five times and that when her daughter who was in the house close by, from which her mother had fled in fear, called out to her assailant, it being too dark for her to see what was happening, Cuellar rushed into the house alone and attacked her with the knife. No other witness testified distinctly that the defendant was present at the time of the murder, and he testified that he was not present when Mrs. Torres was killed and did not know that she had been killed or attacked until a little later when he was so informed by others. The instruction on the question thus raised was as follows: "A defense interposed by the defendant in this case is what is known in law as an alibi, that is that the defendant was at another place at the time of the commission of the crime charged. And the court instructs the jury that such a defense is as proper and legitimate, if proved, as any other; and all the circumstances and evidence bearing upon the point should be carefully considered by the jury. And if in view of all the evidence, the jury have any reasonable doubt as to whether the defendant was at another place when the crime was committed, if it was committed, they should give the defendant the benefit of that doubt and find him not guilty. But the defense of alibi, to be entitled to consideration must be such as to establish in connection with the other evidence in the case a reasonable doubt in the minds of the jury as to whether at the very time of the commission of the crime charged, if it was

committed, the accused was at another place so far away
or under such circumstances that he could not with any
ordinary exertion have been at the place where the crime
was committed so as to have participated in the commis-
sion thereof." This instruction taken together, was cal-
culated to convey to the jury the impression that the de-
fendant had the burden of convincing them that he was
not at the place where the crime was committed
at the very time of its comission but was at
another place; whereas, the burden was all the time on
the Territory to prove, beyond a reasonable doubt, that he
was there, where he could have done the murder in the way
in which it is claimed by the Territory to have been done.
The defendant was not bound to establish a reasonable
doubt as to any essential averment of the indictment against
him. He might have offered no evidence whatever, and it
would still have been incumbent upon the Territory to
prove every essential allegation of the indictment, beyond
a reasonable doubt. But if the defendant chose to offer
admissible evidence, it was entitled to consideration by the
jury, regardless of the purpose for which it was offered.
Jones on Evidence, Sec. 175; Bishop's New Crim. Proced-
ure, Sec. 1066; Cyc. 12, 383; Mullins v. People, 110 Ill.
40; State v. Adair, 160 Mo. 391.

The danger lies in attempting to make a distinction
where none exists, between evidence in support of an alibi
and other evidence for the defense. Says Bishop, Sec.
1062, New Crim. Proc.: "It is mere ordinary evidence in
rebuttal. Any charge that it is not, that it should be tested
differently from other evidence, is erroneous." The case
at bar furnishes an illustration in point. The defendant,
at the trial, testified that he did not at the time the crime
was committed have the revolver with which Cuellar said
he compelled him to commit the murder; that he had left
it sometime before with a man, who appeared and testified
to the same effect. That is, he attempted to establish an
alibi for the revolver, which by the testimony of Cuellar,
was the instrument absolutely essential to the defendant's
share in the commission of the crime. It would not be
claimed that the evidence relating to the revolver called for

any special instruction. Why should there be one law of evidence as to the presence of the accused weapon and another as to that of the accused man? Such an instruction as that in question puts a defendant in worse condition, as regards the burden of proof, than if he had offered no evidence of an alibi. In that case the instruction would be that the prosecution must prove beyond a reasonable doubt, the presence of the defendant where he could have committed the crime as charged. But if he offers evidence that he was not so present, then comes the instruction to the effect, as most would construe it, that he must convince the jury that he was not present, or, at least, that the evidence offered in his behalf must raise a reasonable doubt in their minds of his presence. Such a result savors too much of the doctrine once widely held but now nearly or quite obsolete, that a defendant who set up an alibi and failed to prove it to the satisfaction of the jury, should stand discredited by his attempt. It is repugnant to the presumption of innocence, which continues until it is overcome, beyond a reasonable doubt, by the evidence for the government.

Of the other errors assigned, the more important are not by the record properly before us for consideration. The questions which it is sought to raise by them are, besides, of a nature to be largely affected by the circumstances of different cases, and are, to some extent at least, dependent on judicial discretion. It would therefore be unprofitable to discuss them here.

The judgment of the trial court is reversed, and the case remanded for a new trial.

SYLLABUS (BY THE COURT).