# THE STATE v. OLLIE LYLE, Appellant

### Division Two, December 22, 1922.

1. **LARCENY: Automobile: Proof of Other Larcenies.** Testimony by a witness that a 1921 license plate on his automobile standing in front of his residence near Vandalia was removed on the night -that an automobile was stolen in Mexico, and that the same was attached to the stolen car when it was found a few days later in a ditch on the side of a public road near Bowling Green, and testimony by the owner of the stolen automobile that it had on it, at the time it was stolen, a 1920 license plate, is competent evidence in the trial of defendant on a charge of having stolen the car; and particularly so where defendant, after he was placed in jail, said he and his co-indictee got the automobile in Mexico and the 1921 license plate in Vandalia, and drove the car into a mud hole near Bowling Green, and no one else was shown to have been in possession of the car from the time it was taken until it was found stuck in the ditch. Such testimony is competent to show that' defendant took the car without the owner's consent, and changed the license plates to destroy its identity.

2. ———: ———: **Defendant's Intention.** It is error to refuse to permit defendant, charged with having stolen an automobile, to testify what his intention was in taking the car from the public street in front of a church where it had been left by the owner's wife.

   *Held,* by DAVID E. BLAIR, J., dissenting, that the refusal to permit defendant to answer a question as to what his intention was in taking the car is not reversible error unless the refusal is followed by an offer to show what his testimony on the point would be. The defendant was entitled to testify concerning his intention in taking the car, but it has long been the established rule in this State that the trial court cannot be convicted of error in refusing to permit a witness to answer a question unless an offer of proof is made indicating the nature of the testimony, so that the court may determine its relevancy, materiality or competency.

3. **INSTRUCTION: In Concert with Others: Punishment.** An instruction telling the jury that if defendant, either acting alone or in concert with another, did feloniously steal an automobile, etc., and authorizing an assessment of his punishment at imprisonment for a term not exceeding ten years, set out in the opinion, is above criticism.

4. ———: **Reasonable Doubt.** The usual instruction on the presumption of innocence and reasonable doubt is again approved.

5. ———: **Defendant as Witness.** An instruction relating to the competency of defendant to testify as a witness in his own behalf, which is almost a literal copy of the one approved in State v. Wisdom, 119 Mo. l. c. 552, is not subject to criticism.

6. ———: **Circumstantial Evidence.** Where the State makes out a case of defendant's guilt without resorting to circumstantial evidence, or where a conviction is not sought on circumstantial evidence alone, it is not error to refuse a cautionary instruction relating to the manner in which such evidence should be weighed.

Appeal from Audrain Circuit Court.—*Hon. Ernest S. Gantt,* Judge.

REVERSED AND REMANDED.

*Clarence A. Barnes* for appellant.

(1) The court erred in permitting testimony tending to show that a license plate was removed from the truck of Lee Pearson at Vandalia, which was afterwards found upon the Llewellyn car some days later. No connection between defendant, and the removing of the license plate from the Pearson car, and its attachment after its removal, to the Llewellyn car, was shown or attempted to be shown; and until the defendant's connection therewith was so shown such testimony was not admissible on the theory that it tended to show defendant's intention in driving the Llewellyn car. State v. Stetson, 222 S. W. 425; State v. Bersch, 276 Mo. 397; State v. Austin, 234 S. W. 802; State v. Kolafa, 236 S. W. 302. (2) The court erred in not permitting the defendant to testify with what intention he drove the Llewellyn car from in front of the Baptist church. The defendant was entitled to testify as to his intent. State v. Palmer, 88 Mo. 568, 573; State v. Banks, 73 Mo. 592; State v. Fletcher, 190 S. W. 317. (3) The court erred in giving plaitiff's Instruction 1 because: (a) It refers three times to the "information" when the defendant was being prosecuted upon an "amended information."

(b)   It is misleading in the first paragraph thereof in that it alleges that the defendant and one Aubrey Bybee are jointly charged with the crime of grand larceny; that the defendant alone is on trial pleading "not guilty," emphasizes the plea of the defendant and implies that Bybee either pleaded guilty or had been convicted, and then proceeds to state that persons are equally guilty who act together with a common intent and purpose in the commission of a crime, and the crime so committed by two or more persons jointly is the act or crime of all so acting.   (c)   The instruction undertakes to direct the jury's attention to Ollie Lyle acting alone or with another, and does not name Bybee as the other person, thereby giving the jury a roving commission to connect the defendant with whoever took the license from the Pearson car and attached it to the Llewellyn car, or with whoever put in a tarpaulin, tools and can found in the Llewellyn car.   (d)   It did not require the jury to find that the intent of the defendant or "another" if there was another, was a felonious intent.   State v. Gochenour, 225 S. W. 690.   (e)   The instruction fixes the punishment as though the prosecution was under Sec. 3313, R. S. 1919, for grand larceny of an automobile, but injects into it the element of the consent from the owner in violation of Sec. 7607, R. S. 1919, which has a less penalty, or within Sec. 7575, R. S. 1919, which likewise has a less penalty.   It permits the jury finding him guilty of the lesser offense, and inflicts punishment for the greater.   (f).   There was no evidence of any common intent or purpose between the defendant and anyone else in the defendant's driving the Llewellyn car.   (4)   It was error to give plaintiff's Instruction 3, because it denied defendant the right to an acquittal from lack of evidence against him, and does not correctly define reasonable doubt and nullifies the presumption of defendant's innocence.   It is misleading, and transfers the burden to the defendant to prove his innocence.   State v. Blue, 136 Mo. 44.   (5)   The court erred in giving plaintiff's Instruction 4, because it is a com-

ment upon the State's evidence, charges that the statements of defendant proven by the State actually constitute an admission against the defendant, unduly emphasizes portions of his testimony, and directs the jury to disregard what he said for himself, if they do not believe said portions of such statement; when the statement must be taken in its entirety, in order to constitute evidence of an admission, if it be an admission, against the defendant's interest. To delete the alleged admission of any of the statements made in connection therewith that are uncorroborated by defendant's evidence has the effect of depriving the defendant of the presumption of innocence, and of requiring the State to prove him guilty beyond a reasonable doubt, as well as of the idea he intended to convey in the making of such statement. The jury were deprived of the right to believe such statements unless shown on the one hand to be true, or on the other hand to be false, by other evidence in the case. In other words defendant was deprived of any benefit entitled thereunder, unless corroborated. It constitutes an indirect impeachment of defendant's veracity. (6) The court erred in refusing to give defendant's Instruction 8. The defendant was entitled to an instruction on circumstantial evidence, as the court limited proof of the intent with which defendant drove the car to circumstantial evidence. State v. Swarens, 241 S. W. 934.

*Jesse W. Barrett*, Attorney-General, and *R. W. Otto*, Assistant Attorney-General, for respondent.

(1)   Plaintiff's Instruction 2 is correct in form and substance. Instructions must be read together, and this instruction follows the main instruction and is intended as explanatory of what must be found by the jury. State v. Copeman, 186 Mo. 108, 120. (2) Plaintiff's Instruction 3 properly declares the law. State v. Duncan, 142 Mo. 456, 460; State v. Garrison, 147 Mo. 548, 554. (3)   Plaintiff's Instruction 4 properly declares the law.

State v. Wisdom, 119 Mo. 539, 552; State v. Howell, 117 Mo. 323; State v. Hopper, 71 Mo. 425. (4) After a careful examination of the record in this case we find that the defendant was asked, "Did you drive the car of Fred W. Llewellyn from the front of the Baptist Church?" Answer: "Yes, sir." Q. "With what intention?" This question was objected to by the State, and the objection was sustained by the court. We think this was error, for a defendant in a criminal case may testify as to the intent with which he did the act charged. State v. Palmer, 88 Mo. 568, 573; State v. Banks, 73 Mo. 592; State v. Fletcher, 190 S. W. 317. (5) And for the further reason that the court refused an instruction on circumstantial evidence. State v. Swarens, 241 S. W. 934. For the court's action in sustaining the State's objection to the question as to the intention of the defendant in taking the car, and for the refusal of the court to give an instruction on circumstantial evidence, we believe that the judgment of the trial court should be reversed.

RAILEY, C.—On May 2, 1921, the Prosecuting Attorney of Audrain County, Missouri, filed, in the circuit court of said county, an information, charging defendants Aubrey Bybee and Ollie Lyle with grand larceny. Thereafter on June 18, 1921, an amended information was filed, in which said defendants were charged with grand larceny in stealing an eight-cylinder Oldsmobile roadster automobile, of the value of $1600, in said county, on February 21, 1921. Upon the request of defendant Lyle, a severance was granted. He thereupon filed a motion to quash said amended information, which was overruled. He was then tried before a jury on June 28, 1921, and the following verdict was returned:

"We, the jury, find the defendant guilty of Grand Larceny as charged in the amended Information and we assess his punishment at imprisonment in the State Penitentiary for a term of two years."

Defendant's motions for a new trial and in arrest of judgment having been overruled, he was sentenced, and judgment rendered in due form, in accordance with the terms of said verdict. From said judgment, an appeal was granted appellant to this court.

Mrs. Fred W. Llewellyn testified, in substance, that she was the wife of Fred W. Llewellyn, and lived at 627 Woodlawn, in the city of Mexico; that on February 21, 1921, her husband was the owner of an Oldsmobile roadster automobile; that on the above evening, she drove said car to the Baptist church, where services were being conducted, and parked the same in front of said church; that about five or ten minutes after nine o'clock p. m. she came out of the church, and found her car was gone; that she reported said fact to Messrs. Johnson and Wallace, who were policemen in said city.

Fred W. Llewellyn testified that he was the owner of said automobile, and that the value of same was about $1600; that he telephoned to the towns around, as to the loss of said machine, got into a taxi, and went to hunt his car; that he also advertised the loss of the car, in the Post Dispatch and Globe Democrat; that he finally found his car in the ditch—through information furnished by Wesley Wells, of Bowling Green, Missouri —about three miles southeast of Bowling Green, in a small, narrow lane; that it had been backed into the ditch, and was in mud up to the axles; that it had to be dug out of the mud; that when his wife drove said car to the Baptist church, it had thereon a 1920 license plate; that when he found the car in the ditch, it had thereon a 1921 license plate; that the blocks of said car were burned out; that he took the car to Bowling Green, had it fixed, and brought it home; that when he found the car in the ditch, it had therein a piece of canvas, a Spanner wrench, a screwdriver, a pair of pliers, and a five-gallon tin can; that none of the above items of personal property were in the car when his wife drove it to the church; that the can was empty; that none of the above items belonged to him; that he wrote to the Secretary

of State, and received a telegram from him, which was excluded as evidence by the court.

Lee Pearson testified, in substance, that he lived at Vandalia, Missouri, and was the owner of a motor truck on February 21, 1921; that he had on said truck, at that time, a 1921 license plate; that the number of the license was 128,361; that it was a 1921, Missouri, tag; that it was gone from said truck on Tuesday morning, February 22nd; that his car, on the night of February 21st, was in front of his house in Vandalia, Missouri; that his house was about six blocks south of the Vandalia-Mexico road, as it went into Vandalia; that Mr. Llewellyn sent him his 1921 license plate taken from his truck; that he received his license plate eight or ten days after it had been removed; that Mexico is about thirty miles from Vandalia, and that it is about eighteen miles from Vandalia to Bowling Green, by the wagon road.

Sam Wallace, the city marshal of Mexico, Missouri, testified that appellant was brought to the city jail about nine o'clock in the morning, in April; that he talked with defendant, and the following occurred:

"Q. Just detail to the jury the conversation that you had? A. Mr. Ford brought him up there and he took him upstairs. He says, 'What have you all got me for?' I says, 'What do you know about that Llewellyn car?' He says, 'I don't know anything about it.' 'Well,' I says, 'there is a boy down here talks different; I will go down and get him' and I went down and got Bybee up and when I brought Bybee in, he says 'Oh, Hell,' he says, 'you have got the goods on us.'"

On cross-examination, witness said defendant told him a day or two after the above conversation that he took the car for a joy-ride.

J. G. Ford, the former sheriff of Audrain County, Missouri, testified that he arrested defendant Lyle in the spring of 1921, brought him to the city jail, and there had a conversation with him, which was substantially the same as that testified to by Sam Wallace. Mr.

29ఎ Mo.—28.

Ford further testified that Bybee, in the presence of defendant at the jail, said to appellant, "You know we got the car;" that defendant then said, "Oh, Hell, you have got the dope on us now;" that afterwards, defendant told him they got the car in front of the Baptist church, and left it southeast of Bowling Green in a mud hole; that defendant told him they got the 1921 license plate in Vandalia; that a few days after defendant was put in jail he said they went on a joy-ride with the car; this was said after his father had been up to see him.

Wesley Wells testified that he found the car in controversy, southeast of Bowling Green, two or two and a half miles, on February 23rd, or 24th, and it then had on it a 1921 license plate; that the car was cross-ways of the road with the axles in the mud; that it is about fifty-two miles from Bowling Green to Mexico, Missouri; that Bowling Green is in Pike County, Missouri.

Defendant, Ollie Lyle, testified in his own behalf, that he was seventeen years old, and that he drove the car of Fred W. Llewellyn from the front of the Baptist church. He was then asked by his counsel to state what his intention was. At the instance of the State, the answer to the question was excluded.

Defendant's demurrer to the evidence at the conclusion of the whole case was overruled.

The instructions given and refused, as well as the rulings of the court, will be considered later.

I. Appellant contends that error was committed by the trial court in permitting the State to show, by Lee Pearson, a citizen of Vandalia, Missouri, that on the night of February 21, 1921, his 1921 State license plate, on his motor truck standing in front of his house, was removed, and that the same was found on the Llewellyn car, near Bowling Green, Pike County, Missouri, a few days thereafter, and returned to him by Fred Llewellyn.

Other Criminal Acts.

This testimony was not offered by the State for the purpose of showing that another and independent crime

had been committed, but it was manifestly offered for the purpose of showing defendant's connection with the crime here charged against him. Appellant testified that he drove the car of Fred W. Llewellyn from the front of the Baptist church. It is undisputed that the car when taken had on it the 1920, Missouri, license plate. When found, a few days thereafter, near Bowling Green, the 1920 license plate was gone, and the 1921 license plate of Lee Pearson was on the car. After defendant was placed in jail, he told sheriff Ford that they got the car in front of the Baptist church and drove it into the mudhole near Bowling Green in Pike County, Missouri; that they got the 1921 license plate in Vandalia. No one else was shown to have been in possession of said car, from the time it was taken by defendant until it was found fastened in the mud near Bowling Green by its owner. The foregoing facts present a strong case against appellant, tending to show that he took the car in controversy without the owner's consent; that he removed the owner's 1920 State license plate, and placed on said car the 1921 State license plate, which he got at Vandalia, in order to destroy the identity of said car and cover up his crime.

The trial court committed no error in the admission of the above testimony. [State v. Miller, 292 Mo. 124, 237 S. W. (Mo.) l. c. 500-501.]

II. It is claimed, that: "The court erred in not permitting the defendant to testify with what intention he drove the Llewellyn car from in front of the Baptist church. The defendant was entitled to testify as to his intent."

Intent.

It is conceded by counsel for the State that the trial court erred in refusing to permit appellant to testify as to his intention in taking said car. The above assignment of error is sustained by the former rulings of this court. [Vansickle v. Brown, 68 Mo. l. c. 634; State v. Banks, 73 Mo. 592; Nichols v. Winfrey, 79 Mo. l. c. 546; State v. Palmer, 88 Mo. l. c. 573; State v.

Williams, 95 Mo. l. c. 249-50; State v. Tatman, 264 Mo. l. c. 372, 175 S. W. l. c. 72; State v. Fletcher, 190 S. W. (Mo.) l. c. 321; State v. Frederici, 184 S. W. (Mo.) l. c. 173; Smith v. Bailey, 200 Mo. App. l. c. 638, 209 S. W. l. c. 950.]

III.  Counsel for appellant challenges the correctness of instruction numbered one given by the court, which reads as follows:

"The court instructs the jury that the information filed in this case. jointly charged the defendant, Ollie Lyle, and Aubrey Bybee with the crime of grand lar-ceny.  Defendant, Ollie Lyle, is now alone on trial.  He pleads not guilty and it is upon the question of Ollie Lyle's guilt or innocence that you are now to pass.  As to the law in the case, the court instructs you as follows:

*In Concert With Others.*

"All persons are equally guilty who act together with a common intent and purpose in a commission of a crime, and the crime so committed by two or more persons jointly is the act of all and each so acting.  If you find and believe from the evidence, beyond a reasonable doubt, that at the County of Audrain, State of Missouri, on the 21st day of February A. D., 1921, or at any time within three years next before the filing of the information herein, the defendant, Ollie Lyle, either acting alone, or with another, feloniously did steal, take and carry away a certain eight-cylinder Oldsmobile road-ster automobile of the value of thirty dollars or more, of the goods and property of Fred W. Llewellyn, without the consent of the owner thereof, with the intention of converting the same to his own use, or to the use of himself and another acting with him with a common intent and purpose, and permanently depriving the owner of his property therein, you will find the defendant guilty of grand larceny as charged in the information and assess his punishment at imprisonment in the State Penitentiary at a term of not less than two years and not exceeding ten years."

Section 3312, Revised Statutes 1919, under which appellant was prosecuted, reads as follows:

"Every person who shall be convicted of feloniously stealing, taking and carrying away any money, goods, rights in action, or other personal property, or valuable thing whatsoever of the value of thirty dollars or more, . . . belonging to another, shall be deemed guilty of grand larceny," etc.

Section 3313, Revised Statutes 1919, provides that: "Persons convicted of grand larceny shall be punished in the following cases as follows: First, for stealing an automobile or other motor vehicle, by imprisonment in the penitentiary not exceeding ten years," etc.

The hypercritical criticisms of said instruction by defendant's counsel, are devoid of the slightest merit. The instruction clearly presents the law of the case, and is amply sufficient as to both form and substance.

IV.   The technical criticism of appellant's counsel of instruction numbered three given by the court is without merit.   It reads as follows:

"The court instructs the jury that the defendant, in law, is presumed to be innocent, and that it devolves upon the State to prove, by evidence, to the satisfaction of the jury, beyond a reasonable doubt, that the defendant committed the crime, as charged in the information and explained in these instructions, and if, upon a view of the whole case, you have a reasonable doubt of defendant's guilt, you will give him the benefit thereof and acquit him.   But a reasonable doubt, to authorize an acquittal on that ground, must be a substantial doubt of defendant's guilt, formed on the careful consideration of all the facts and circumstances proven in the case, and not a mere possibility of the defendant's innocence."

*Reasonable Doubt.*

The instruction as given is fully sustained by the following authorities: State v. Temple, 194 Mo. 1. c. 249; State v. Adair, 160 Mo. 391; State v. Duncan, 142 Mo. 456; State v. Sacre, 141 Mo. 64; State v. Blunt, 91 Mo. 503; State v. Nueslein, 25 Mo. 111.

V.   Instruction numbered four given by the court, is not subject to the criticism leveled against it by counsel for appellant. It related to the competency of. defendant to testify as a witness in his own behalf, and has been uniformly sustained by this court. [State v. West, 69 Mo. l. c. 406-7; State v. Curtis, 70 Mo. l. c. 596-7; State v. Howell, 117 Mo. l. c. 323; State v. Wisdom, 119 Mo. l. c. 552-3; State v. Caperton, 276 Mo. l. c. 320, 207 S. W. l. c. 796.]

*Defendants Competency.*

The above instruction is almost a literal copy of the one set out in Judge GANTT's opinion, in the Wisdom Case, supra, at pages 552-3, where he said: *"This instruction has been so often approved, it is unnecessary to discuss it."* (Italics ours.)

VI.   Appellant complains of the trial court's action in refusing his instruction numbered eight on circumstantial evidence.   It is metaphysical in its nature, argumentative in form, and does not properly declare the law in a case of this character.   Aside, however, from the foregoing, we are of the opinion that the trial court was not required under the facts and circumstances of this case, to instruct the jury as to the law of circumstantial evidence.

*Circumstantial Evidence.*

The testimony relied on by the State is briefly stated as follows: (1) That Fred W. Llewellyn was the owner of the automobile in controversy, worth $1600, and that it was driven from the Baptist church in Mexico, Audrain County, Missouri, by defendant on the night of February 21, 1921, without the owner's consent.   (2) The car, when taken, had the 1920 State license plate thereon, which was gone when the car was found, in Pike County, Missouri, over fifty miles distant, in a few days after it was taken.   (3)   There was a 1921 State license plate on said car when found, a few days after it was taken.   No one else was shown to have been in possession of the car from the time it was taken, until found in the mudhole near Bowling Green, Mis-

souri.   Sheriff Ford testified that defendant told him
he got the 1921 license plate in Vandalia.   Lee Pearson
testified, that the 1921 license plate was taken from his
motor truck in Vandalia, Missouri, on the night of Feb-
ruary 21, 1921.   The number of said 1921 plate was
128,361.   Wesley Wells testified that he found said car
fastened in the mud between two and three miles south-
east of Bowling Green, Missouri, on the 23rd or 24th
of February, 1921, and that it then had the 1921 license
plate on it.   He said Mexico was about fifty-two miles
from Bowling Green.   On the foregoing facts the State
made out its case without resorting to circumstantial
evidence.

If all of the evidence in a case on which the State
relies for conviction is circumstantial, it is error to re-
fuse to give the jury a cautionary instruction as to the
manner of weighing such evidence.   [State v. Miller, 292
Mo. 124, 237 S. W. 1. c. 501.].   But in a case like the one
at bar, where a conviction was not sought on circum-
stantial evidence alone, it is not error to refuse to give
the cautionary instruction as to the manner in which
such evidence should be weighed.   [State v. Baird, 231
S. W. (Mo.) 1. c. 626; State v. Emmons, 225 S. W. 1. c.
895; State v. Stegner, 276 Mo. 1. c. 440, 207 S. W. 1. c.
830; State v. Hubbard, 223 Mo. 1. c. 84; State v. Ner-
zinger, 220 Mo. 1. c. 47; State v. Salmon, 216 Mo. 1. c.
529; State v. Bobbitt, 215 Mo. 1. c. 43; State v. Crone,
209 Mo. 1. c. 330; State v. Donnelly, 130 Mo. 1. c. 649;
State v. Fairlamb, 121 Mo. 1. c. 147; State v. Robinson,
117 Mo. 1. c. 663; Worsham v. State, 56 Tex. Crim. 253,
120 S. W. 439.]

The court gave, in behalf of defendant and at his
request, instruction numbered six, which reads as fol-
lows:

"The court instructs the jury that if you believe
from the evidence that the automobile belonged to Fred
W. Llewellyn and that defendant drove away said au-
tomobile without the knowledge or consent of Fred W.
Llewellyn and without the intention of converting it

to his own use, you will render a verdict acquitting the defendant.''

The issues were sharply defined by instructions one and six supra, and there was no occasion for instructing as to circumstantial evidence.

VII. We are of the opinion, that the instructions given in the case are correct, and that they contain all the law that was necessary to enable the jury to properly pass upon the merits of the case. We are likewise of the opinion, that the trial court committed no error in refusing defendant's instructions numbered 9, 10, 11, 12, 13, 14, 15 and 16.

On account of the error heretofore pointed out in Paragraph II of this opinion, the cause is reversed and remanded for a new trial. WHITE, C., concurs; REEVES, C., not sitting.

PER CURIAM:—The foregoing opinion of RAILEY, C., is adopted as the opinion of the court. All of the judges concur, except *David E. Blair, J.*, who dissents in opinion filed.

DAVID E. BLAIR, J. (dissenting).—The majority opinion in the second paragraph holds that the court erred in refusing to permit the defendant to testify with what intention he drove the Llewellyn car from in front of the Baptist church. The record shows that the defendant was asked by his counsel a question to the following effect: What was your intent in driving the car from in front of the Baptist church? That upon objection the court refused to permit the defendant to testify as to such intention. The record does not show that defendant thereupon made any offer as to what the testimony of the witness would be on that point.

Defendant's
Intention.

There is no controversy whatever that the defendant was entitled to testify concerning his intention in taking the car. The cases cited by Judge RAILEY all

establish this rule. I have examined each of the following and find that announcement made therein: Vansickle v. Brown, 68 Mo. l. c. 634; State v. Banks, 73 Mo. l. c. 596; State v. Palmer, 88 Mo. l. c. 572-573; State v. Williams, 95 Mo. l. c. 249 and 250; State v. Tatman, 264 Mo. l. c. 372; State v. Fletcher, 190 S. W. l. c. 321; State v. Frederici, 184 S. W. l. c. 173. The other cases cited by Judge RAILEY are civil cases, where the same rule is announced. None of these cases, however, turn upon the procedure involved in raising such question for the appellate court.

It has been the rule in this State from the earliest date, both in civil and criminal cases, that the trial court cannot be convicted of error in refusing to permit a witness to testify in response to a question propounded to him, unless the party offering such testimony makes an offer of proof, indicating the nature of the testimony, so that the court may judge of its relevancy, materiality and competency. This rule is supported by State v. Martin, 124 Mo. l. c. 523, citing therein State v. Miller, 100 Mo. 606; State v. Taylor, 118 Mo. 153; Wharton's Crim. Ev. (9 Ed.) sec. 474. To the same effect is State v. Arnold, 206 Mo. l. c. 596, citing Jackson v. Hardin, 83 Mo. 175. [See also State v. Shapiro, 216 Mo. l. c. 371; State v. Lovell, 235 Mo. l. c. 355; and State v. Kozlickie, 241 Mo. l. c. 307.] The rule is the same in civil and criminal cases, but I have contented myself simply with citing criminal cases.

In some of the jurisdictions a distinction seems to be made where the question carries on its face the proof of its relevancy, materiality, competency, etc., but it cannot be presumed that the proof to be elicited by defendant's answer in this case would be admissible or necessarily that its exclusion would be prejudicial. It is a strain upon human credulity to think that he would fail to testify that he did not intend to steal the automobile, but the question itself does not show that his intention in respect to the taking of the car to be expressed in his

answer would have tended to prove he did not intend to steal it.

The case was otherwise found by the Commissioner's report to have been well tried, in which I fully concur, and since the only error found is the refusal of the court to permit the defendant to answer a question as to his intention in taking the car and no offer of proof was made by counsel as to what that intention was, the judgment below should be affirmed.