**42 P.(2d) 203**

## STATE v. COMPTON.

### No. 4050.

Supreme Court of New Mexico.

March 11, 1935.

Wesley Quinn, of Clovis, for appellant.

E. K. Neumann, Atty. Gen., and Frank H. Patton, Asst. Atty. Gen., for the State.

WATSON, Justice.

Appellant and three others were informed against for burglary. Of these others, two pleaded guilty and testified for the state, and the third was acquitted by a verdict directed by the court. Appellant was convicted and sentenced.

An instruction on alibi was tendered and refused. The refusal was not error, as the court gave its own, a better, instruction on that issue. It declared the law in substance as it is stated in the headnote in Territory v. Tais, 14 N. M. 399, 94 P. 947. We do not agree with counsel that it contains the defect which led to reversal in that case.

It is contended that there is variance between the information and the proofs. The former charged a breaking and entering with intent to steal "the goods, chattels and property" of the named owner of the premises broken and of the chattels. The proofs disclosed the breaking, the entering, and the actual stealing of certain liquors. We fail to perceive the variance. Appellant calls to our attention Comp. St. 1929, § 35-4414, relating to the sufficiency of indictments and informations. We find in that section nothing bearing on the question presented.

The verdict was returned February 19, 1934. Judgment was rendered February 22, and on that day an appeal was prayed and granted. On March 24 appellant moved to dismiss the appeal and to grant a new trial. The motion was based upon a purported letter addressed to appellant's counsel, after the trial, by one of the codefendants who pleaded guilty and testified against appellant. In that letter, if he wrote it, he repudiates his testimony, and says that he was induced by others to implicate appellant and thus to lighten his own punishment.

On the hearing the state objected to the admission of the letter on the ground that its authenticity was not shown, and on the ground that the filing of the motion was not timely, under Comp. St. 1929, § 105-842. The court sustained both objections, and overruled the motion.

We have never understood that the section just mentioned, originally section 133 of the "Act to simplify procedure in civil cases," Laws 1897, c. 73, is applicable in criminal cases. However, the objection that the authenticity of the letter was not shown seems unanswerable.

The judgment will be affirmed. It is so ordered.

SADLER, C. J., and HUDSPETH, BICKLEY, and ZINN, JJ., concur.